```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       WESTERN DIVISION
```

BRUCE OAKLEY, INC.                                           PLAINTIFF

VS.                            CIVIL ACTION NO. 5:15-cv-57(DCB)(MTP)

VIDALIA DOCK & STORAGE COMPANY                               DEFENDANT

<u>ORDER</u>

This cause is before the Court on the plaintiff Bruce Oakley, Inc.'s Motion to Reconsider **(docket entry 37)** and Supplement to Motion to Reconsider **(docket entry 38)**. Having considered the relevant pleadings, the Court finds that the plaintiff's motions should be denied.

On September 26, 2016, the Court granted defendant Vidalia Dock & Storage Company's Motion to Transfer Venue to the United States District Court for the Western District of Louisiana, Alexandria Division. Order Transferring Venue (docket entry 36). On the same day, the case was transferred out to the Western District of Louisiana, Alexandria Division. Minute Entry of 9/26/2016. Bruce Oakley, Inc.'s motions to reconsider were filed on October 11 and 18, 2016. Since the plaintiff filed his motions after the Clerk had transmitted the record to the Western District of Louisiana, this Court had already lost jurisdiction over this matter and cannot consider the plaintiff's motions for reconsideration. <u>Pendleton v. Armortec, Inc.</u>, 729 F.Supp. 495, 497 (M.D. La. 1989)(citing <u>In re Southwestern Mobile Homes, Inc.</u>, 317

F.2d 65 (5th Cir. 1963); Drabik v. Murphy, 246 F.2d 408 (2nd Cir. 1957)).

The plaintiff also contends that pursuant to Fed.R.Civ.P. 60(b), this Court can grant it relief from the Order transferring this case since Rule 60(b) authorizes relief from final judgments or orders.  This contention is misplaced, since an order transferring venue is interlocutory, not final.  Jacoby v. Trek Bicycle Corp., 2011 WL 3240445, *1 (E.D. Tex. July 28, 2011)(citing Zimzores v. Veterans Admin., 778 F.2d 264, 266 (5th Cir. 1985)).

It is well established that "[o]nce the files in a case are transferred physically to the court in the transferee district, the transferor court loses all jurisdiction over the case, including the power to review the transfer."  Schwartz v. Curtis, 2008 WL 4467560, *1 (S.D. Tex. Oct. 2, 2008)(quoting Chrysler Credit Corp. v. County Chrysler, Inc., 928 F.2d 1509, 1516-17 (10th Cir. 1991)). "The date the papers in the transferred case are docketed in the transferee court ... forms the effective date that jurisdiction in the transferor court is terminated; the transfer order becomes unreviewable as of that date."  Id. at 1517 (internal citations omitted); see also Southwestern Mobile Homes, 317 F.2d at 66; Lands v. St. Louis Sw. R.R. Co., 648 F.Supp. 322, 325 (E.D. Tex. 1986).

In this case, as in Lands, "[t]he transfer has been made, the clerk has forwarded the file ... and no stay was sought."  Id. Therefore, the Court shall deny the plaintiff's motions.

Accordingly,

IT IS HEREBY ORDERED that the plaintiff Bruce Oakley, Inc.'s Motion to Reconsider **(docket entry 37)** and Supplement to Motion to Reconsider **(docket entry 38)** are DENIED.

SO ORDERED, this the 25th day of October, 2016.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE